**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-5156**

———————

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

         v.

DANA ALEXANDER KLINE,

                   Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.    Anthony J. Trenga, District Judge.  (1:11-cr-00275-AJT-1)

———————

Submitted:  August 16, 2012        Decided:  September 12, 2012

———————

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Alan H. Yamamoto, Alexandria, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Robert J. Heberle, Scott B. Nussbum,  Special Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Dana Alexander Kline on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). He was sentenced to twenty-six months' imprisonment. On appeal, Kline raises the constitutional challenges he asserted unsuccessfully below, namely, that his conviction under § 922(g)(1) as applied violates the Second Amendment and that § 922(g)(1) violates the Commerce Clause and Tenth Amendment. We review de novo a defendant's constitutional challenge to a criminal statute. United States v. Moore, 666 F.3d 313, 316 (4th Cir. 2012). We affirm.

In Moore, we joined our sister circuits in holding that "§ 922(g)(1) [is] a constitutionally valid statute." 666 F.3d at 316-17. While we left open the possibility of a successful as-applied challenge, we concluded that the Moore defendant did not fall within the category of "law-abiding responsible" citizens that the Second Amendment protects. Id. (citing District of Columbia v. Heller, 554 U.S. 570, 635 (2008)). We further held that the potential for being robbed in a bad neighborhood was "far too vague and unsubstantiated to remove his case from the typical felon in possession case." Moore, 666 F.3d at 320.

2

Under Moore, in order for Kline to rebut the presumption of lawfulness regarding § 922(g)(1) as applied to him, he "must show that his factual circumstances remove his challenge from the realm of ordinary challenges." Id. at 319. We reaffirmed this standard in our more recent decision, United States v. Smoot, ___ F.3d ___, 2012 WL 3264387 (4th Cir. Aug. 13, 2012), in which we rejected yet another as-applied challenge to § 922(g)(1). Referencing Moore, we found Smoot's criminal history "remarkably egregious," observing that Smoot could hardly be considered a "law-abiding responsible citizen." Smoot, ___ F.3d at ___, 2012 WL 3264387 at *4.

We acknowledge Kline's criminal history is not as egregious as those of the defendants in Moore or Smoot. However, Kline's criminal record includes a 2008 Virginia state felony conviction for eluding a law enforcement officer, in violation of Va. Code § 46.2-817, which resulted from an incident in which Kline led police on a high-speed car chase over a distance of several miles before fleeing on foot and ultimately being apprehended by officers using a canine and taser. We conclude Kline's prior conviction for eluding a law enforcement officer is sufficient to find the statute constitutional as applied.

Kline urges us to consider that there is no reason to believe he intended to do anything but take home the firearm he

3

purchased from an undercover agent (resulting in the instant offense) and use it for self-protection, thereby removing him from "the realm of ordinary challenges." We find this assertion "far too vague and unsubstantiated to remove his case from the typical felon in possession case." Moore, 666 F.3d at 320. Thus, Kline's Second Amendment as-applied challenge to § 922(g)(1) fails.

Kline's second argument that his conviction under § 922(g) is unconstitutional because it violates the Commerce Clause and the Tenth Amendment is also unavailing. Kline relies on United States v. Lopez, 514 U.S. 549 (1995), in which the Supreme Court held that Congress exceeded its Commerce Clause authority by enacting a federal statute prohibiting possession of a firearm in a school zone. However, as noted by the district court, this court has previously considered and rejected a challenge to the constitutionality of § 922(g)(1) based on Lopez. In United States v. Wells, 98 F.3d 808, 810–11 (4th Cir. 1996), this court determined that "[u]nlike the statute at issue in Lopez, § 922(g) expressly requires the Government to prove the firearm was shipped or transported in interstate or foreign commerce; was possessed in or affected commerce; or was received after having been shipped or transported in interstate or foreign commerce." Wells, 98 F.3d at 811 (internal quotation marks omitted). Thus, "[t]he

4

existence of this jurisdictional element, requiring the Government to show that a nexus exists between the firearm and interstate commerce to obtain a conviction under § 922(g), distinguishes Lopez and satisfies the minimal nexus required for the Commerce Clause."  Id.; see also United States v. Williams, 445 F.3d 724, 740 (4th Cir. 2006); United States v. McQueen, 445 F.3d 757, 759 (4th Cir. 2006); United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001).

In this regard, Kline also raises an as-applied challenge to his § 922(g)(1) conviction, arguing all matters in question took place in Virginia.  This argument is without merit.  At trial, the Government presented evidence that the gun Kline purchased from the ATF agent was manufactured in Austria and imported into the United States by a Glock facility in Smyrna, Georgia.

In a broader argument, Kline also asserts that Heller alters the analysis related to the scope of the Commerce Clause by strengthening the individual interest in possessing a firearm.  As noted by the Government, whether Congress has power to enact such a prohibition under the Commerce Clause and whether such a prohibition would run afoul of the Second Amendment are separate and distinct questions.  See also United States v. Rene E., 583 F.3d 8, 18 (1st Cir. 2009) (stating that the Supreme Court's decision in Heller did not have any effect

on the analysis undertaken to evaluate the extent of Congress' power under the Commerce Clause). Last, we reject Kline's challenge to the constitutionality of § 922(g)(1) on Tenth Amendment grounds. See United States v. Bostic, 168 F.3d 718 (4th Cir. 1999) (determining that § 922(g)(8) is a constitutional exercise of Congress' Commerce Clause power supplementing complementary state legislation).

Accordingly, we affirm Kline's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED